# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SHAVONTAE DANIELS,

        Plaintiff,

    v.                                      Case No. 17-CV-1701

SGT. KLEMORS, C.O. TRAVASON.
C.O. POHL, CAPTAIN TRITT, AND
SGT. GOODMEN,

        Defendants.

---

## ORDER

---

Plaintiff Shavontae Daniels, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, the court has jurisdiction to screen the complaint pursuant to the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. The court will also address Daniels's other motions, including for leave to proceed without

prepayment of the filing fee, motions to dismiss, and a motion to amend/correct his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On December 6, 2017, the court ordered Daniel to pay an initial partial filing fee of $1.92. Daniels paid that fee on January 29, 2018. Accordingly, the court will grant Daniels's motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order. Additionally, Daniels's second motion to proceed without the prepayment of the filing fee (ECF No. 16) is denied as moot.

*Motion to Amend or Correct Complaint*

Daniels asks that the court allow him to amend his complaint to correct a date. Specifically, he asks to change October 16, 2017, listed on page two of his complaint, to October 2, 2017. (ECF No. 15.) The court grants his motion, and will read the complaint to reflect his requested change.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Daniels is incarcerated at Waupun Correctional Institution. He alleges that on October 2, 2017, he was housed in the segregation housing unit. He pressed his emergency call button and notified staff that he "was suicidal and engaging in self-harm." (ECF No. 1 at 2.) Defendant C.O. Pohl responded to Daniels's cell, looked in and

then walked away. According to Daniels, C.O. Pohl knew that he was on a behavioral management plan put in place by Psychological Services (PSU), which states that Daniels must be placed into observation and PSU notified anytime Daniels expresses suicidal ideation or makes threats of self-harm. From 1:15 to 2:30 p.m. Daniels engaged in self-harm and staff did nothing despite being aware. He continued to cut himself, using a razor (staff were also aware of this).

At 2:30 p.m. defendant C.O. Travason reported to Daniels's cell to "pull [him] out so [his] call button could be fixed." (*Id.* at 3.) Daniels showed C.O. Travason the blood on his arm, and she got on her walkie talkie to call for help. Defendant Sergeant Klemors responded, pulled Daniels out of his cell after having him wash some of the blood off, and placed Daniels in a shower stall. Sergeant Klemors put Daniels back in his cell 20 minutes later and walked away. Daniels continued to engage in self-harm for the rest of the night while staff ignored him. Later, defendant Captain Tritt stated that he observed Daniels on camera picking at his arm after pressing the call button.

Daniels seeks monetary damages and asks that Waupun be investigated for ignoring the inmates' mental health needs.

*Analysis*

In order to state a claim for deliberate indifference under the Eighth Amendment a plaintiff must allege that (1) the harm to the plaintiff was objectively serious, and (2) that the official was deliberately indifferent to his health or safety. *Arnett v. Webster*, 658

4

F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). In a suicide case, "the first element is automatically satisfied because 'it goes without saying that suicide is a serious harm.'" *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) (quoting *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006)). Additionally, where the harm at issue is suicide, the second element requires a "dual showing 'that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk.'" *Minx*, 597 F.3d at 831 (quoting *Collins*, 462 F.3d at 761).

Daniels's complaint contains sufficient factual allegations to state a deliberate indifference claim against defendant Sergeant Klemors, C.O. Travason, C.O. Pohl, and Captain Tritt. However, he never mentions named-defendant Sergeant Goodmen in the body of his complaint. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Because Daniels only names Sergeant Goodmen in the caption of his complaint, he has failed to identify any misconduct on Sergeant Goodmen's part and may not proceed against him.

Daniels also filed a motion for an extension of time (ECF No. 8) and two motions to dismiss his complaint (ECF No. 10 and 12) when he thought he would be unable to

pay the initial partial filing fee. He has since paid the fee, so the court denies all of these motions as moot.

## ORDER

**IT IS THEREFORE ORDERED** that Daniels's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Daniels's second motion for leave to proceed without prepayment of the filing fee (ECF No. 16), his motions to dismiss (ECF Nos. 10 and 12), and his motion for extension of time (ECF No. 8) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant Sergeant Goodmen is **DISMISSED**.

**IT IS ALSO ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Daniels's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendants Sergeant Klemors, C.O. Travason, C.O. Pohl and Captain Tritt.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Sergeant Klemors, C.O. Travason, C.O. Pohl, and Captain Tritt shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that the agency having custody of Daniels shall collect from his institution trust account the **$348.08** balance of the filing fee by collecting

monthly payments from Daniels's prison trust account in an amount equal to 20% of the preceding month's income credited to Daniels's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Daniels is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Daniels's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Daniels is confined.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, under the Prisoner E-Filing Program, Daniels shall submit all correspondence and case filings to institution staff, who will scan and email documents to the court. If Daniels ceases to be incarcerated at a Prisoner E-Filing institution, he will be required to submit his filings to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

7

Daniels is advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge